IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re EVERETT,<br><br>        Appellant.<br>_____/ | No. C 14-3873 CW<br><br>ORDER AFFIRMING BANKRUPTCY COURT RULING |

Appellant Daniel Everett has filed an appeal from a ruling of the United States Bankruptcy Court of the Northern District of California on the grounds that Creditor-Appellee Paul Boschetti and the San Francisco County Superior Court of California violated the automatic stay triggered by his Chapter 7 bankruptcy petition. Appellant has filed an opening brief, and Appellee has filed a response. Appellant has filed a reply brief.[1] Having considered the papers filed by the parties, the Court AFFIRMS the Bankruptcy Court's order.

JURISDICTION AND STANDARD OF REVIEW

The district court has jurisdiction over this appeal under 28 U.S.C. § 158(a). The bankruptcy court's conclusions of law are reviewed de novo and its findings of fact under the clearly

---

[1] On September 4, 2015, Appellant filed a request for judicial notice, asking that the Court take notice of the records and files from various related cases. Docket No. 28. To the extent Appellant asks the Court to take judicial notice of documents, the request is GRANTED. However, Appellant also asks the Court to "take Judicial Notice that California Superior Court Case No. 12-642905 ('Boschetti v. O'Blenis, et al.') had been removed from the California Superior Court, San Francisco on October 18, 2013." Docket No. 28 at 3. This is a legal conclusion, not a document of which the Court can take legal notice. Accordingly, the request for judicial notice is DENIED IN PART.

erroneous standard. Fed. R. Bankr. 8013; In re Wegner, 839 F.2d 533, 536 (9th Cir. 1988).

## BACKGROUND

Appellee owns Unit #5, an apartment at 261 Pierce Street in San Francisco, California. In June 2007, he rented the apartment to Appellant. In October 2012, Appellee filed an action for unlawful detainer in the San Francisco County Superior Court of California, see Docket No. 5-4 at 15-21, to which Appellant filed an answer, along with a fee waiver petition. On November 30, 2012, the parties entered into a Settlement Agreement and Stipulation for Entry of Judgment (Settlement Agreement). See Docket No. 5-25 at 10-15. The parties agreed to a schedule by which Appellant would pay back-rent. Id. They also agreed that, if Appellant breached the Settlement Agreement, a stipulated judgment for possession and damages would be entered against him. Id. The agreement was filed on December 4, 2012. Id.

On January 2, 2013, citing a failure to pay court fees pursuant to the denial of his fee waiver request, the Superior Court struck Appellant's answer and the Settlement Agreement from the state court record. See Docket No. 5-25 at 29. Appellant was prohibited from filing future documents until and unless he paid the filing fee. On January 3, 2013, Appellee applied ex parte for judgment due to failure of Appellant to comply with the Settlement Agreement, which the state court granted. See Docket No. 5-14 at 28-29. The judgment was to be entered unless Appellant made a payment of $4,434.50 by January 10, 2013. Id. If Appellant failed to do so, he was advised, judgment would be entered against him for restitution and possession of the apartment, as well as

2

unlawful detainer damages, installment payments due under the Settlement Agreement, and attorney's fees. Id. Appellant did not pay the required amount by January 10, 2013.

Between February and June 2013, Appellant attempted to remove the case from the Superior Court to federal district court three times. See Case No. 13-0628 (N.D. Cal.)(twice) and Case No. 13-0667 (W.D. Wash.). Each time the case was remanded to state court or dismissed for failure to pay the filing fees. In August 2013, this Court again remanded the case to state court, entered a pre-filing order against Appellant, and ordered sanctions. See Case No. 13-0628, Docket Nos. 23-24.

Also in August 2013, Appellant filed for bankruptcy under Chapter 7 in the Northern District of California Bankruptcy Court. In September 2013, he filed for Chapter 13 bankruptcy. On September 17, 2013, the Bankruptcy Court lifted the automatic stay in the Chapter 7 case, allowing Appellee to commence proceedings for Appellant's eviction from the apartment. See Docket No. 5-4 at 72-73. On October 15, 2013, the Bankruptcy Court lifted the automatic stay in the Chapter 13 case, again allowing Appellee to commence eviction proceedings against Appellant. See Docket No. 5-10 at 1-2. The Bankruptcy Court further ordered that the stay be terminated, in rem, to allow Appellee to recover possession of the apartment. Id. at 2.

On October 18, 2013, Appellee appeared ex parte in Superior Court for entry of judgment as stipulated to in the parties' December 4, 2012 Settlement Agreement. The court entered judgment for restitution and possession of the apartment, as well as monetary damages and attorney's fees. See Docket No. 5-21 at 37-

3

38. On the same day, Appellant again filed a notice of removal, this time to the Bankruptcy Court of the Northern District of California. In his notice, he argued that the state court case for unlawful detainer was a core proceeding in his Chapter 13 petition. Also on October 18, 2013, Appellant's Chapter 13 petition was dismissed for failure to pay the filing fees.

On October 22, 2013, the Bankruptcy Court remanded the removed case to the Superior Court. On October 23, 2013, pursuant to an order allowing him to pay Appellant's filing fee, Appellee paid $225 to satisfy Appellant's obligation in state court. Appellant was evicted in November 2013.

In June 2014, Appellant brought an action in Bankruptcy Court for damages and voiding of judgments, for violation of the automatic stay against Appellee and the San Francisco County Superior Court. See Docket No. 5-22. In the complaint, he argued that Appellee and his counsel "moved beyond the scope of a bankruptcy court order which granted relief from stay." Id. at 2. He alleged that Appellee violated the stay by "moving the state court for an order allowing him to exercise control over debt that [Appellant] had incurred pre-petition." Id. at 2. In addition, he alleged that the state court, "in granting [Appellee's] . . . motion to pay the debt, the state court continued its own debt collections efforts against [him] that began pre-petition." Id. He asserted that he had "sole responsibility to pay the filing fee debt and therefore further collection action was needed before [Appellee] could proceed with the state court case." Id. at 2. Lastly, he argued that Appellee was only allowed relief for possession, not monetary damages.

4

On July 25, 2014, the Bankruptcy Court issued an order denying Appellant's motion. In that order, the court found that

> neither [Appellee] nor Superior Court of California, County of San Francisco violated the automatic stay because payment of the state court appearance fee, the request for entry of the stipulated judgment, and the entry of that judgment in the state court were fairly contemplated by [Appellee's] motion for relief from stay and the Court's order thereon, and were discussed during [the October 18, 2013] oral argument at the hearing on the motion for relief from stay.

Docket No. 5-28 at 1-2. It is that order from which Appellant appeals.

## DISCUSSION

The crux of Appellant's argument concerns the power of the Superior Court to enforce the Settlement Agreement: (1) after it struck Appellant's Answer and the Settlement Agreement from the state court record due to Appellant's failure to pay the filing fee and (2) when it entered judgment against him pursuant to the Bankruptcy Court's lifting of the Chapter 13 stay. Furthermore, he argues that allowing Appellee to pay the filing fee on his behalf violated the automatic stay because the filing fee was the property of the bankruptcy estate.

I.   State Court Jurisdiction

Appellant argues that the Bankruptcy Court erred when it held that the Superior Court had jurisdiction to enforce the Settlement Agreement if his filling fee was not paid. At the October 15, 2013 hearing with regard to lifting the Chapter 13 stay, the Bankruptcy Court judge and Appellant had the following exchange:

> THE COURT: But how does that harm you, Mr. Everett? I mean, payment of that fee, as I see it, they did you a favor.[2]

---

[2] The court was mistaken that the fee had already been paid. It was not paid until October 23, 2013.

5

>      MR. EVERETT: Well, the hardly -- it simply allowed the State Court to apply its jurisdiction to me. The case law I cited is uncontroverted in the sense that the State Court did not have jurisdiction otherwise.
>      THE COURT: I strongly disagree with your assessment that payment of the fee was a necessary predicate to the State Court acquiring jurisdiction over you. You were served with process in that case. That's when the court obtained jurisdiction over you. It had nothing whatsoever to do with that appearance fee.

This Court agrees with the Bankruptcy Court's determination. The State Court had jurisdiction as well as the power to enforce the Settlement Agreement. In Burnham v. Superior Court of California, Cnty. of Marin, 495 U.S. 604, 610-11 (1990), the Supreme Court endorsed the notion that "each State had the power to hale before its courts any individual who could be found within its borders, and that once having acquired jurisdiction over such a person by properly serving him with process, the State could retain jurisdiction to enter judgment against him[.]" Thus, it is clear that the Superior Court had jurisdiction over Appellant when he was served in the case. Failure to pay the fee did not divest the Superior Court of jurisdiction, and Appellant offers no relevant legal authority that states otherwise.

Furthermore, the Superior Court had authority to enforce the Settlement Agreement. California Code of Civil Procedure section 664.6 provides, "If parties to pending litigation stipulate, in a writing signed by the parties outside the presence of the court or orally before the court, for settlement of the case, or part thereof, the court, upon motion, may enter judgment pursuant to the terms of the settlement." Appellant does not provide any relevant legal authority that this provision does not apply in this case.

1  Likewise, Appellant's argument that the award of monetary
2 damages violated the automatic stay is without merit.  The
3 Settlement Agreement itself provided for monetary damages in the
4 case of default.  See Docket No. 5-4 at 26.  The Agreement states,
5 "In the event defendant is in default with respect to any
6 provision of this settlement agreement, the parties stipulate that
7 plaintiff is entitled to . . . any unpaid rent and unlawful
8 detainer damages in the amount of $11,837.00[.]"  Id.  Thus,
9 because the Superior Court had the authority to enforce the
10 Settlement Agreement, it also had authority to award monetary
11 damages pursuant to the Settlement Agreement.  Accordingly, the
12 Court affirms the Bankruptcy Court's July 24, 2014 order denying
13 Appellant's motion for damages and voiding of judgments.

II. Notice of Removal

15  In addition to the above argument, Appellant contends that,
16 on October 18, 2013, he removed the Superior Court case to the
17 Bankruptcy Court, and the Superior Court had no authority to enter
18 judgment against him for that reason as well.
19  Under Federal Rule of Bankruptcy Procedure 9027, a removal is
20 not given effect until "[p]romptly after filing the notice of
21 removal, the party filing the notice  . . . files a copy of it
22 with the clerk of the court from which the claim or cause of
23 action is removed."  At the time he filed the notice of removal in
24 Bankruptcy Court, Appellant was barred from filing a copy of the
25 removal in state court because he did not pay the filing fee.
26 Thus, he was not permitted to file the notice of removal in state
27 court and he did not do so.  He insists in his brief that the

7

state court "receiv[ed] notice of the removal," but he does not -- and cannot -- show that the notice of removal was actually filed.

The fact that the Bankruptcy Court did not remand the case until October 23, 2013 is irrelevant. A remand order is not a concession that removal was in effect. As the Ninth Circuit has held, "[t]he removal statute is strictly construed against removal jurisdiction. . . . The defendant bears the burden of establishing that removal is proper." Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009)(citing Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32 (2002); California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004)). Until a proper removal is effected, the case has not been removed. Appellant has failed to establish that the removal was in effect when the Superior Court entered judgment against him.

Accordingly, the Court affirms the Bankruptcy Court's July 24, 2014 order denying Appellant's motion for damages and voiding of judgments for this reason as well.

III. Filing Fee as Property of the Estate

In addition to the arguments discussed above, Appellant contends that the Superior Court violated the automatic stay by allowing Appellee to pay the filing fee because the filing fee was a debt and property of the estate.

Under the Bankruptcy Code, an automatic stay applies to "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. § 362. A "claim" is "right to payment," i.e., a debt or a "right to an equitable remedy for breach of performance if such

8

breach gives rise to a right to payment." Id. § 101(5). Appellant provides no support for his assertion that payment of the filing fee was a debt, and hence property of the estate. The Superior Court was not seeking payment from Appellant; it merely struck his pleadings from the docket for failure to pay the filing fee. Appellant was free not to pay the filing fee, unless he wanted to file documents on the state court docket. Thus, the filing fee was not a debt. Appellant did not owe the Superior Court anything.

Accordingly, the Court affirms the Bankruptcy Court's July 24, 2014 order denying Appellant's motion for damages and voiding of judgments for this reason as well.

CONCLUSION

For the foregoing reasons, the Court AFFIRMS the Bankruptcy Court's July 24, 2014 Order Denying Motion for Damages and Voiding of Judgments in its entirety. See Docket No. 28. The Clerk of the Court shall close the file. Appellee shall recover his costs from Appellant.

IT IS SO ORDERED.

Dated: September 30, 2015

CLAUDIA WILKEN
United States District Judge

9